U.S. DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIG INSURANCE COMPANY, <br><br> Plaintiff, <br><br> Vs. <br><br> OTIS ASSOCIATES DBA OTIS RIDGE SKI AREA, JAIME CARR, ALDEN C. HEWITT, T.H.E. INSURANCE COMPANY AND KRISTOFFER FILLIO <br><br> Defendants. | CIVIL ACTION NO.: <br> 1:23-CV-10539 |

## COMPLAINT FOR DECLARATORY RELIEF

This Complaint for Declaratory Relief seeks a determination of the rights and responsibilities of the parties pursuant to certain liability insurance policies that TIG Insurance Company (hereinafter "TIG") and the T.H.E. Insurance Company (hereinafter "T.H.E. Insurance") issued to Otis Associates DBA: Otis Ridge Ski Area as regards a personal injury lawsuit brought against them in the Berkshire County Superior Court by Kristoffer Fillio. Specifically, TIG seeks a declaration that its policies do not provide coverage for the claims against its insureds and that it should, therefore, be relieved of any continuing duty to defend these claims or to indemnify its insureds for any award of damages that may result therefrom at trial.

## THE PARTIES

1. TIG Insurance Company is a California corporation that maintains a principal place of business at 250 Commercial Street in Manchester, New Hampshire.

2. Kristoffer Fillio is a citizen of Massachusetts residing in Berkshire County.

3. Jaime Carr is a citizen of Massachusetts residing in Berkshire County.

102375070

4. Alden Hewitt is a citizen of Massachusetts residing in Berkshire County.

5. Otis Associates DBA Otis Ridge Ski Area is the owner and operator of a ski resort and ski school located in Otis, Massachusetts.

6. T.H.E. Insurance Company is a Louisiana corporation that is a division of AXA XL.

## JURISDICTION AND VENUE

7. This is an action for declaratory relief brought pursuant to 28 U.S.C. § 2201 et seq.

8. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship among the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

9. Venue is proper in this judicial district because the insured defendants are all located here and because the insurance policies that are at issue were all issued in Massachusetts.

## STATEMENT OF THE CLAIM

### Statement of the Facts

10. This insurance coverage controversy arises out of a law suit that Kristoffer Fillio filed against Alden Hewitt, Jaime Carr and Otis Associates, Inc. DBA Otis Ridge Ski Area in the Berkshire County Superior Court on or about July 9, 2020.[1]

11. The Massachusetts Secretary of State's web site shows that Otis Associates, Inc. was incorporated on February 13, 1987 but was voluntarily on dissolved on July 11, 2019. The registered agent was Alden C. Hewitt. Jaime Currier Carr was President and Treasurer.

---

[1] A true and accurate copy of the Fillio Complaint is attached hereto as Exhibit A.

2

**Fillio's Lawsuit against the Otis Ridge Defendants**

12. In his lawsuit, Kristoffer Fillio alleges that he was sexually assaulted by Alden Hewett on various occasions "during Fall, 2001 and Spring, 2007" when he was a minor. (Complaint, Paragraphs 6 and 8).

13. Between 1992 and 2008, Alden Hewett was employed at the Otis Ridge ski area in various capacities as a ski instructor, ski patroller and manager (Complaint, Paragraph 7),

14. Kristoffer Fillio alleges in his Complaint that he was an employee of the ski area during the time that he was sexually assaulted by Hewett (Complaint, Paragraph 6).

15. Fillio also alleges that between 2001 and 2007, he assisted in snowmaking at the ski area, which, given the late hours when snowmaking occurred, required him to sleep overnight at Otis Ridge (Complaint, Paragraphs 9 and 10).

16. Fillio alleges that Jaime Carr, who was the owner and operator of the Otis Ridge ski area at the time, made arrangements for him to sleep in Alden Hewett's apartment on the ski area premises (Complaint, Paragraphs 3 and 10).

17. In his Complaint, Fillio alleges (Paragraph 11):

*On numerous occasions during the period of the Fall, 2001 through Spring 2007, while the plaintiff was a skier, guest and/or an employee of the Otis Ridge Ski Area, defendant Hewett physically assaulted and threatened the plaintiff, and sexually assaulted him at the Otis Ridge Ski Area and at other locations.*

18. Fillio seeks recovery against Hewett for assault (Count I); battery (Count II); intentional infliction of emotional distress (Count III); false imprisonment (Count IV) and violation of his civil rights (Count V).

**Alden Hewett's History of Sexual Predation**

19. During the 1980s and 1990s, Alden Hewett was employed as a police constable in New Hartford, Connecticut.

20. In 1992, the Connecticut State Police investigated reports that Hewett was sexually assaulting young boys.

21. According to an article in the *Berkshire Eagle* newspaper, the police also received reports at the time that Hewett sexually assaulted six young men between 1972 and 1985. The article reported that "the results of a 1992 Connecticut State Police investigation revealed that Hewett had been suspected of sexual misconduct with minors between the years 1972 and 1978 and 1981 and 1985."[2]

22. After the results of the police investigation became public, the Town of New Hartford fired Hewett, after which time he relocated to Otis, Massachusetts.

23. Although Hewett was not prosecuted in Connecticut because of the state's short statute of limitations for sexual assault, criminal charges were brought against him in the Berkshire County Superior Court on January 9, 2006 based upon separate allegations of sexual assault involving a teenage male who had skied at the Otis Ridge ski area between 1991 and 1994.

24. On April 8, 2008, Hewett, who was by then the general manager at the Otis Ridge Ski Area and held himself out as an officer of the company, was convicted of three counts of raping a child by force. Judge John Agostini sentenced him to 15-20 years in prison.

---

[2] https://www.berkshireeagle.com/news/local/child-rapist-jailed-for-15-20-years/article_19ce765b-c9c8-5aad-a635-78eeddd0230b.html

102375070

**The Defendants' Knowledge of Hewett's Sexual Predation**

25. In his 2020 lawsuit, Kristoffer Fillio alleges that Jaime Carr, the owner and operator of the Otis Ridge Ski Area, had a "close personal relationship" with Alden Hewett and was aware of his history of sexual predation, including the Connecticut State Police 1992 investigation of incidents of child rape (Complaint, Paragraphs 24-25).

26. Fillio alleges (Complaint, Paragraph 32) that Carr breached a duty of care to protect him from Hewett's assaults in light of her knowledge of this history of sexual predation:

> *32. Defendant Carr knew, or should have known, that defendant Hewett was a sexual predator who targeted minor boys, and was unfit to be employed in a position where he would have unsupervised contact with young boys.*
>
> *33. Defendant Carr breached her duty to the plaintiff, inter alia, by employing Hewett as a ski instructor, ski patroller and manager of the Otis Ridge Ski Area, by failing to take reasonable steps to ensure that defendant Hewett was a suitable person to employ as a ski instructor or manager of the ski area, by failing to monitor defendant Hewett's behavior, by providing housing to Hewett, where young boys were permitted to spent the night with Hewett, by failing to provide a safe environment for the plaintiff and other children using the ski area, or employees at the ski area, by failing to take action to protect the plaintiff when she knew or had reason to know that defendant Hewett's behavior toward the plaintiff was inappropriate and harmful to the plaintiff.*

27. Similar allegations of negligence are set forth against Otis Associates in Count VIII's Paragraph 37:

> *Defendant Otis Associates. Inc., breached its duty to the plaintiff, inter alia, by employing Hewett as a ski instructor, ski patroller or manager of the ski area, by failing to monitor defendant Hewett's behavior, by failing to provide a safe environment for the plaintiff and other children using the ski area or employed by Otis Ridge Ski Area, by failing to take action to protect the plaintiff when it knew or had reason to know that defendant Hewett's behavior toward the plaintiff was inappropriate and harmful to the plaintiff.*

102375070

**The TIG Insurance Policies**

28.     On December 11, 2000, Plaintiff issued Policy No. T7 0003751804203 to Otis Association[3] DBA Otis Ridge Ski Area.[4]

29.     This coverage was renewed for another year on December 11, 2001 as Policy No. T7 0003751804204.[5]

30.     In the course of underwriting these and earlier policies, Hewett, who was acting as an officer of Otis Associates, requested that the abuse or molestation exclusion which was normally added to policies under that program, be omitted from the Otis Ridge policy. Hewett advised the underwriters that the ski school had a manual for handling such circumstances and that the exclusion was therefore unnecessary.

31.     The commercial general liability insurance provided by the TIG Policies comprises two separate coverages:  Coverage A (Bodily Injury and Property Damage) and Coverage B (Personal and Advertising Injury).

31.     The Insuring Agreement for Coverage A (as amended by Endorsement Form No. CG 00 57 09 99) provides that:

.**COVERAGE A:  Bodily Injury and Property Damage**

**1.     Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured

---

[3] The declarations page for the subject policies identifies the named insured as "Otis Association."  This is a typographical error and plaintiff stipulates that the insured entity should have been identified as "Otis Associates."

[4] A true and accurate copy of Policy No. T7 0003751804203 is attached hereto as Exhibit B.

[5] A true and accurate copy of Policy No. T7 0003751804204 is attached hereto as Exhibit C.

6

102375070

      against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

**b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

7

102375070

e.  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

32. The "Who Is An Insured" section of these Policies states, "an organization other than a partnership, joint venture or limited liability company, you are an insured." The Declarations page for the Policies' CGL coverage identifies Otis Associates as an "Organization, including a Corporation (but not including a Partnership, Joint Venture or Limited Liability Corporation).

33. The "Who Is An Insured" section of these Policies states that such entities including as additional insureds: "Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders."

34. The TIG Policies both define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions..'

35. The Insuring Agreement for Coverage A is subject to certain exclusions enumerated in the main body of these policies.

36. Exclusion A, as modified by endorsement form LB 26387 10 89, Commercial General Liability Broadened Coverage, states that this insurance does not apply to:

**A.** The following replaces SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2., Exclusions, a.:

a. "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

37. Exclusion E states that this insurance does not apply to

**e. Employer's Liability**

"Bodily injury" to:

8

  (1) An "employee" of the insured arising out of and in the course of:

    (a) Employment by the insured; or

    (b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

### TIG's Defense of Its Insureds

38. Upon receipt of its insureds' request that it provide a defense to the Fillio suit, TIG agreed to defend Jaime Carr and Otis Ridge (hereinafter "the Otis Ridge Defendants") and hired the Bulkley Richardson law firm in Springfield, Massachusetts to represent them.

39. This defense was undertaken pursuant to a full reservation of rights owing to TIG's concerns with respect to whether its policies cover Fillio's claims.

40. As detailed in letters dated March 24, 2020 and March 24, 2021 TIG advised its insureds that its policy did not provide coverage for these clams.  Copies of these letters are attached as Exhibits D and E.

### CLAIMS FOR DECLARATORY RELIEF

### COUNT ONE
### (No "Occurrence")

41. TIG, realleges and incorporates by reference the allegations contained in Paragraphs 1-40 of its Complaint as if fully set forth herein.

42. In order for TIG's coverage to apply to these claims, Fillio must seek recovery for bodily injury arising out of an "occurrence."

9

43. An "occurrence" requires that the insured's conduct must be accidental.

44. The alleged bases for liability with respect to Alden Hewett for alleging sexually assaulting and abusing minor children was clearly not the result of an "accident."

45. The alleged liability of Jaime Carr and Otis Ridge for employing Hewett despite their foreknowledge of his pederastic tendencies also preclude any suggestion that the claims against them arise out of an "occurrence."

WHEREFORE, TIG respectfully asks that this Court enter judgment in its favor due to the lack of any "occurrence" that might rise to coverage under its Policies.

## COUNT TWO
### (No Additional Insureds)

46. TIG, realleges and incorporates by reference the allegations contained in Paragraphs 1-40 of its Complaint as if fully set forth herein.

47. The "Who Is An Insured" language in the TIG Policies extends coverage to the officers of corporations "but only with respect to their duties as your officers or directors"

48. Neither Jaime Carr or Alden Hewett are entitled to coverage as Additional Insureds under these policies as neither was acting on behalf of Otis Associates or within the scope of his or her duties as an Officer of the ski area during the events in question.

WHEREFORE, TIG respectfully asks that this Court enter judgment in its favor due to the fact that Carr and Hewett are not insureds under its Policies.

## COUNT THREE
### (Injury During Policy Period)

49. TIG, realleges and incorporates by reference the allegations contained in Paragraphs 1-40 of its Complaint as if fully set forth herein.

50. In order for coverage to apply, the suit against the insured must claim damages on account of bodily injury occurring during the period that the Policies were in effect.

51. There is no obligation on the part of TIG to defend or indemnify these claims insofar as any injuries that may be proven by Fillio did not begin prior to December 11, 2002.

52. Insofar as injuries occurred both during and after the period insured by TIG, the respective obligations of TIG and the insurer that followed it ("T.H.E. Insurance Company") should be pro-rated in accordance with their respective periods of insurance coverage.

WHEREFORE, TIG respectfully asks that this Court enter judgment in its favor due to the absence of a bodily injury during its policy period or the need to allocate loss between TIG and T.H.E. on the basis of injuries commencing in the TIG policy period but continuing in later years insured by T.H.E..

## COUNT FOUR
### (Known Injury Limitiation)

53. TIG, realleges and incorporates by reference the allegations contained in Paragraphs 1-40 of its Complaint as if fully set forth herein.

54. The Insuring Agreement for both of the TIG Policies stipulates that in order for coverage to apply, "prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part."

55. In this case, Alden Hewett, an officer and manager of the Otis Ridge ski area, was well aware of the harm that he was inflicting at the time on Kristoffer Fillio, as alleged by Fillio beginning in the Fall of 2021.

56.    Similarly, Otis Ridge manager and officer Jaime Carr's foreknowledge of Hewett's predisposition to assault young boys precludes any coverage under policies after Carr came to this understanding of her friend Hewett.

WHEREFORE, TIG respectfully asks that this Court enter judgment in its favor due to the foreknowledge of Otis Ridge ski area and its officers concerning the predisposition of Alden Hewett to molest young boys and the injury that he was causing to Kristoffer Fillio.

### COUNT FIVE
### (Exclusion A)

57.    TIG, realleges and incorporates by reference the allegations contained in Paragraphs 1-40 of its Complaint as if fully set forth herein.

58.    In this case, Fillio alleges that Hewett is liable for assault and battery, intentional infliction of emotional distress and false imprisonment, all of which rest upon acts undertaken with the intention to cause injury to Fillio or that involve intentional acts that were of such a nature as to foreseeably and inevitably result in injury to Fillio.

59.    Jaime Carr, as an officer and manager of Otis Ridge, expected the harm to Fillio based upon her knowledge of Hewett's prior predation and molestation of young males. Jaime Carr's knowledge and expectation as an office of Otis Associates are imputed to Otis Associates as it benefited Otis Associates to maintain Hewett in his position at the ski resort due to his managerial duties.

WHEREFORE, TIG respectfully asks that this Court enter judgment in its favor due to any claim for coverage by the insured defendants owing to the fact of these insureds' expectation or intention to cause injury to Kristoffer Fillio.

## COUNT SIX
### (Exclusion E)

60. TIG, realleges and incorporates by reference the allegations contained in Paragraphs 1-40 of its Complaint as if fully set forth herein.

61. Fillio's Complaint alleges that during the time that he was sexually molested by Alden Hewett while sharing his apartment at the Otis Ridge Ski Area, Fillio was an employee of the ski area.

62. Exclusion E states that there is no coverage under these Policies for injury an employee of the insured arising out of and in the course of: (a) Employment by the insured; or (b) Performing duties related to the conduct of the insured's business.

WHEREFORE, TIG respectfully asks that this Court enter judgment in its favor due to Exclusion E inasmuch as the assaults committed against Fillio arose out of and in the course of his employment at the Otis Ridge ski area as well as the duties that he was performing for it at the time.

## CONCLUSION

**WHEREFORE**, Plaintiff TIG Insurance Company respectfully requests that this Honorable Court declare and adjudicate the rights, duties and responsibilities of the parties under the terms and provisions of its policy and declare that:

1. TIG has no duty to continue to participate in the defense of the Alden Hewett, Jaime Carr or Otis Ridge Associates in the Fillio Litigation; and

2. TIG has no duty to indemnify any award of damages, whether by verdict or settlement, against these Defendants; and

3. Such other and further relief and this Honorable Court may deem just and proper.

102375070

**PLAINTIFF,
TIG INSURANCE COMPANY**

**By its attorney,**

By: /s/ Michael Aylward
Michael F. Aylward, BBO #024850
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA  02210
Tel: (617) 439-7556
Fax: (617) 342-4913
maylward@morrisonmahoney.com

Dated:   March 10, 2023.

102375070